**Deny Writ and Opinion Filed July 3, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00734-CV

## IN RE PATRICK J. CURRY AND PJC EQUIPMENT LEASING, LLC, Relators

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-13070**

## OPINION

Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Fillmore

Before the Court is relators' petition for writ of mandamus and a response to the petition filed by real parties in interest. Relators claim the trial court erred by ordering the retaking of their aircraft by real parties in interest pursuant to an aircraft maintenance lien. Because we conclude the trial court did not abuse its discretion by allowing real parties in interest to retake the aircraft, we deny relators' petition. *See* TEX. R. APP. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Relators are the owners of an IAI Westwind II aircraft, and they hired real parties in interest Matthew K. Webb and MKW Aviation, LLC (collectively MKW) to provide management services relating to the aircraft, including maintenance, storage and leasing of the aircraft, upkeep of maintenance records and flight logs, acquisition of fuel, and coordination of pilot services. In this capacity, MKW maintained possession of the aircraft. In September 2012, relators claimed that MKW had overcharged them for management services and eventually filed

suit seeking a declaratory judgment as to the amount owed by the parties to each other. On November 21, 2012, relators were granted a writ of sequestration by the trial court that required MKW to relinquish the aircraft, maintenance records, and flight logs to relators. On January 4, 2013, MKW filed with the Federal Aviation Administration (FAA) a claim of lien on the aircraft for unpaid storage, maintenance, and fuel charges incurred by MKW totaling $35,890.31.[1] In late January 2013, MKW filed in the trial court its answer and counterclaim against relators for breach of contract, suit on a sworn account, and theft of services. Thereafter, MKW filed an Application for Turnover Relief requesting that the trial court order relators to relinquish possession of the aircraft to MKW pursuant to its claim of lien and section 70.302 of the property code. The trial court granted MKW's application by order signed May 24, 2013, and this petition followed. Relators argue to this Court that by signing the turnover order and providing possession of the aircraft to MKW, the trial court committed a clear abuse of discretion for which there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) (to be entitled to relief by mandamus, party must show trial court clearly abused its discretion and party has no adequate remedy by appeal).

Section 70.301 of the property code provides for the automatic creation of a lien for the benefit of a person who stores, fuels, repairs, or performs maintenance work on an aircraft. *See* TEX. PROP. CODE ANN. § 70.301 (West 2007). Specifically, subsection (a) of section 70.301 provides:

> A person who stores, fuels, repairs, or performs maintenance work on an aircraft
> has a lien on the aircraft for:
>   (1) the amount due under a contract for the storage, fuel, repairs, or maintenance
> work; or
>   (2) if no amount is specified by contract, the reasonable and usual compensation
> for the storage, fuel, repairs, or maintenance work.

---

[1] *See* TEX. PROP. CODE ANN. § 70.303 (West 2007) (providing for the recording of an aircraft repair and maintenance lien on an aircraft registered in the United States in the FAA Aircraft Registry).

*Id.* § 70.301(a).

Section 70.302 of the property code describes the process by which the holder of the aircraft maintenance lien may retain or retake possession of an aircraft:

(a) A *holder of a lien* under this subchapter may retain possession of the aircraft subject to the lien until the amount due is paid.

(b) Except as provided by Subsection (c), if the *holder of a lien* under this subchapter relinquishes possession of the aircraft before the amount due is paid, *the person* may retake possession of the aircraft as provided by Section 9.609, Business & Commerce Code.

(c) The holder of a lien under this subchapter may not retake possession of the aircraft from a bona fide purchaser for value who purchases the aircraft without knowledge of the lien before the date the lien is recorded under Section 70.303.

*Id.* § 70.302 (emphasis added). Section 9.609 of the business and commerce code, which is referenced in section 70.302(b), permits a "secured party" following default to take possession of the collateral, or render equipment unusable, either pursuant to judicial process or without judicial process if the secured party proceeds without breach of the peace. TEX. BUS. & COM. CODE ANN. § 9.609 (West 2011).[2]

Relators do not argue MKW is not the holder of a valid lien on the aircraft. Rather, relators contend MKW was not entitled to retake possession of the aircraft under section 70.302(b) because it is not a "secured party." On the other hand, MKW asserts it has a statutory right to possession of the aircraft under section 70.302(b). Thus, the parties are at odds

---

[2] Section 9.609 of the business and commerce code provides:

(a) After default, a secured party:
  (1) may take possession of the collateral; and
  (2) without removal, may render equipment unusable and dispose of collateral on the debtor's premises under Section 9.610.
(b) A secured party may proceed under Subsection (a):
  (1) pursuant to judicial process; or
  (2) without judicial process, if it proceeds without breach of the peace.
(c) If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party that is reasonably convenient to both parties.

TEX. BUS. & COM. CODE ANN. § 9.609.

concerning the proper construction of section 70.302(b). The parties have not cited us to an appellate court opinion, and we are unaware of any opinion, that addresses this issue.

In construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West 2005); *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). "We look first to the statute's language to determine that intent, and we consider it 'a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent.'" *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)); *see also Molinet*, 356 S.W.3d at 411. We consider the statute as a whole rather than focusing upon individual provisions in isolation. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *Id.* (citing *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care*, 145 S.W.3d 170, 177 (Tex. 2004)).

Based on our reading of the plain language of chapter 70, subchapter D of the property code, and section 70.302(b) in particular, we disagree with relators' argument that the statute permits only a secured party to enforce a lien by retaking possession of an aircraft. The Texas constitution provides for a self-executing lien for the benefit of mechanics, artisans, and repairmen:

> Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor, and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

TEX. CONST. art. 16, § 37; *see also First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 267 (Tex. 1974) ("It is well settled that [article 16, section 37] grants a lien which is self-

executing and exists independently and apart from any legislative act."). The Legislature enacted chapter 70, subchapter D of the property code in 1989, and amended the subchapter in 1995 and 2001, to expand the scope of a lien available to a person who stores, fuels, repairs or performs maintenance work on an aircraft and to provide a lien enforcement mechanism. Section 70.301 indicates that "a person who stores, fuels, repairs, or performs maintenance work on an aircraft has a lien on the aircraft . . . ." Clearly, the language of section 70.301 does not condition entitlement to a lien on secured-party status under chapter 9 of the business and commerce code.[3] Further, section 70.302, which describes the process by which the lienholder may retain or retake possession of an aircraft, refers in each subsection to action that may be taken by a "holder of a lien" rather than a secured party under chapter 9 of the business and commerce code. The language of sections 70.301 and 70.302(b) is consistent with section 9.109 of the business and commerce code which provides that "[t]his chapter does not apply to . . . a lien, other than an agricultural lien, given by statute or other rule of law for services or materials, but Section 9.333 applies with respect to priority of the lien." TEX. BUS. & COM. CODE ANN. § 9.109(d)(2) (West Supp. 2012).

While section 70.302(b) authorizes a holder of a lien that has relinquished possession of the aircraft before the amount due is paid to retake possession of the aircraft *as provided* by section 9.609 of the business and commerce code, the reference to section 9.609 is not in limitation of the type of lienholder who may enforce a lien, but rather a reference to a *process* that must be used for repossession; repossession may occur either pursuant to judicial process or without judicial process if the repossession can occur without breach of the peace. In short, the plain language of chapter 70, subchapter D of the property code indicates that a person who

---

[3] Among other things, chapter 9 of the business and commerce code regulates, subject to certain exceptions, "a transaction, regardless of form, that creates a security interest in personal property or fixtures by contract." TEX. BUS. & COM. CODE ANN. § 9.109(a)(1) (West Supp. 2012); *see also Smith v. Cmty. Nat'l Bank*, 344 S.W.3d 561, 565–66 (Tex. App.—Eastland 2011, pet. denied).

stores, fuels, repairs or performs maintenance work on an aircraft has a lien on the aircraft and the lien may be enforced by retaining possession of the aircraft pursuant to section 70.302(a) or, if possession has been relinquished prior to payment, by retaking the aircraft by judicial process, or without judicial process if the repossession can occur without breach of the peace, pursuant to section 70.302(b).[4] Nothing in chapter 70, subchapter D requires or implies that an aircraft maintenance lien may be enforced only by a person who is a secured party under chapter 9 of the business and commerce code.

Even if the language of section 70.302(b) were considered ambiguous, basic rules of statutory construction lead us to the same conclusion. First, we believe that if the Legislature had intended to allow only a secured party to retake possession of an aircraft, that limitation would have been explicitly included in section 70.302(b), rather than indirectly incorporated by a reference to the business and commerce code. *See Brandal*, 257 S.W.3d at 206 (courts consider it a fair assumption that the Legislature tries to say what it means). Second, the substance of what is now section 9.609 of the business and commerce code already allowed secured parties to take possession of collateral at the time section 70.302(b) was enacted. Therefore, if it was the intent of the Legislature that only a secured party could enforce a lien by retaking an aircraft, it would have had no reason to enact section 70.302(b) because its language would have been superfluous. *See City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010) (courts presume Legislature intended all provisions of a statute to be effective and that it intended a just and reasonable result); *see also City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006) (when possible, effect must be given to every sentence, clause, and word of a statute so no part thereof will be rendered superfluous); TEX. GOV'T CODE ANN. § 311.021(2) (West 2005).

---

[4] Section 70.302(c) provides that the holder of a lien under this subchapter may not retake possession of an aircraft from a bona fide purchaser for value who purchases the aircraft without knowledge of the lien before the date the lien is recorded under section 70.303; however, that subsection is not at issue in this appeal.

Third, relators' argument ignores the fact that the Legislature used different terms to describe the creditor in section 70.302(b) ("holder of a lien" and "the person") and the creditor in section 9.609 of the business and commerce code ("secured party"). *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) (when possible, each sentence, phrase, clause, and word is given effect so that the statute makes sense as a cohesive whole; courts should not assign a meaning to a provision that would be inconsistent with other provisions of the act). Fourth, we can conceive of no policy rationale for allowing a lienholder who is not a secured party under chapter 9 of the business and commerce code to retain possession of an aircraft under section 70.302(a), while preventing that same lienholder from retaking possession of the aircraft under section 70.302(b). *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (when interpreting statute, courts should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone); *see also Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978). Finally, it is well settled that the mechanic's and materialmen's lien statutes of this state will be liberally construed for the purpose of protecting laborers and materialmen. *See Whirlpool Corp.*, 517 S.W.2d at 269.

For these reasons, we conclude section 70.302(b) provides a remedy for a lienholder who is not a secured party under chapter 9 of the business and commerce code. We further conclude the purpose of section 70.302(b)'s reference to section 9.609 of the business and commerce code was not, as relators claim, to limit application of section 70.302(b) to retaking of an aircraft by a secured party, but rather to provide by simple reference a process by which repossession may occur. We therefore find no abuse of discretion on the part of the trial court in signing its May

24, 2013 turnover order.[5]  We deny relators' petition for writ of mandamus and lift the stay imposed by this Court's May 30, 2013 order.

                                        /Robert M. Fillmore/
                                        _____
                                        ROBERT M. FILLMORE
                                        JUSTICE

130734F.P05

---

[5] Relators devote four sentences of their petition to the argument that if real parties in interest may retake the aircraft under section 70.302(b), they may retake the aircraft only and not the aircraft's flight and maintenance logs.  The only authority relators cite in support of their argument is section 70.302.  Relators provide no citation to law or regulation governing aircraft flight and maintenance logs, and make no argument applying relevant law to the facts of this case.  Accordingly, we conclude relators have waived this issue as a result of inadequate briefing.  *See* TEX. R. APP. P. 52.3(h).